I concur in the dissent prepared by Mr. Justice BARNS. The statute of limitation which he quotes is unquestionably controlling. It has been suggested that this statute does not begin to run until demand for the thing bailed has been made. However, there is a well established and justifiable exception. Such exception comes into play when a conversion takes place or when "any other definite act inconsistent with his duty as bailee" is committed by the bailee which amounts to the repudiation of the bailment. Particularly does such action loose the spring of the statute when notice thereof is brought home to the bailor. Chapter 342, Vol. 6, American Jurisprudence, page 426. *Page 555 
The facts of this case show that Watson discharged a debt to Gourlie by, in effect, selling the pledged ring to him with the knowledge and consent of Richardson. This transaction was either a conversion or a novation. If a conversion the statute has run and the action is barred. If a novation the terms of the new contract were not established by plaintiff's evidence. In any event, it was an act which was inconsistent with the bailee's duty as such and notice thereof to the bailor is clearly disclosed. Sec. 95.11(5)(c), F.S. 1941, F.S.A., is decisive of the question now before us for our consideration and determination.
The final judgment entered by the learned Circuit Judge should be affirmed.